USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __10/4/22_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
TRUSTEES OF THE NEW YORK CITY :
DISTRICT COUNCIL OF CARPENTERS :
PENSION FUND, WELFARE FUND, ANNUITY :
FUND, AND APPRENTICESHIP, JOURNEYMAN :      21-cv-687 (ALC)
RETRAINING, EDUCATIONAL AND :
INDUSTRY FUND ET AL.,                    :   **ORDER**
                                         :
                          Petitioners,   :
                                         :
        -against-                        :
                                         x
RCW INTERIORS, INC.,

                          Respondent.
-----------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

On January 26, 2021, Petitioners commenced this action to confirm and enforce an arbitration award against Respondent RCW Interiors, Inc. Respondent has neither responded to the petition nor appeared in this action. The Court grants the petition to confirm.

### BACKGROUND

Petitioners include the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, The Carpenter Contractor Alliance of Metropolitan New York ("the Funds"), and the New York City District Council of Carpenters (the "Union" and together with the Funds "Petitioners"). Respondent is engaged in the construction industry in New York State and was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5) and section 501 of the LMRA, 29 U.S.C. § 142.

The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 7. During the relevant time period, Respondent was bound to an agreement between the Association of Wall Ceiling & Carpentry Industries of New York, Inc. (the "Association") and the Union. *Id*. ¶¶ 9, 11. This agreement required Respondent to remit certain amounts of contributions to the Funds, *id*. ¶ 14, and to abide by the policies adopted by the Funds, *id*. at ¶ 15.

The parties became entangled in a dispute concerning Respondent's failure to provide Petitioners' access to its books and records as required. *Id*. ¶ 20. Petitioners initiated arbitration, and, despite having notice of the hearing date, Respondent did not appear at the arbitration proceeding. *Id*. at ¶ 21. The arbitrator and Petitioners proceeded in Respondent's absence, and on September 25, 2020, the arbitrator entered an award in Petitioners' favor. *Id*. ¶ 22. The arbitrator ordered the Respondent to pay the Funds $2,900, consisting of: (1) attorneys' fees of $1,500; (2) arbitrator's fees of $1,000; and (3) court costs of $400. *Id*. ¶ 23. Respondent has not paid any portion of the award. *Id*. at ¶ 24.

Petitioners filed this action to confirm its arbitration award on January 26, 2021 and filed an affidavit of service on February 1, 2021. On August 23, 2021, the Court ordered Respondent to show cause why the Petition to Confirm Arbitration should not be deemed unopposed. To date, Respondent has not appeared or responded to Petitioners' motion to confirm their arbitration award. The Court now resolves the unopposed motion.

## DISCUSSION

Where the non-moving party fails to respond to the motion for default judgment, the petition to confirm the arbitration award should be treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006). The court will

uphold the arbitrator's decision so long as there is a "barely colorable justification" for the award. *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.,* 579 F.2d 691, 704 (2d Cir. 1978)).

Here, Respondent has failed to respond to the current action or appear at the underlying arbitration. Respondent has not made any objections related to the current motion or to the conduct of the arbitration. After examining Petitioners' submissions, the Court confirms the arbitrator's award because there is more than colorable justification for its outcome.

## CONCLUSION

For the above reasons, the Court grants the petition, the award is confirmed, and judgment is entered in Petitioners' favor as follows:

1. Awarding Petitioners $2,900 pursuant to the September 25, 2020 arbitration award (the "Award");

2. Ordering Respondents to produce any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records, and all certified payrolls for the audit period of October 3, 2016 to date to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

3. Awarding Petitioners $75 in costs arising out of the proceeding;

4. Awarding Petitioners $725 in attorneys' fees arising out of the proceeding; and

5. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**
**Dated: October 4, 2022**
     **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

4